WO                                                                                                           MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa, | No. CV 20-00800-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

On April 23, 2020, Plaintiff Alfred E. Caraffa, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. In a May 1, 2020 Order, the Court gave Plaintiff thirty days to pay the filing and administrative fees or file an Application to Proceed In Forma Pauperis. The Court also denied as moot Plaintiff's "Motion to Combine with Same Issues of. Additional to Case CV-20-00598-PHX," which was attached to Plaintiff's Complaint, because *Caraffa v. Arizona*, CV 20-00598-PHX-MTL (ESW) was closed.

On May 18, 2020, Plaintiff filed a First Amended Complaint (Doc. 5 at 24) and an Application to Proceed In Forma Pauperis (Doc. 6). The Court will grant the Application to Proceed and will dismiss the First Amended Complaint and this action.

**I.    Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $5.00. The remainder of

the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342

(9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III.    First Amended Complaint**

The First Amended Complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court treats the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Thus, the Court will consider only those claims raised in the First Amended Complaint against only those Defendants named in the First Amended Complaint.

In his four-count First Amended Complaint, Plaintiff seeks monetary damages from Defendants the State of Arizona, the Maricopa County Sheriff's Office (MCSO), and the United States.  In each count, Plaintiff alleges violations of his due process rights.

In **Count One**, Plaintiff claims that on April 7, 2020, he filed a motion to dismiss counsel, a motion for appointment of new counsel, and a motion "for the right to appeal and be heard" in his state court criminal case, but he has not had a "motion hearing," although, "[b]y procedure a motion shall be heard in 10 days."

In **Count Two**, Plaintiff alleges that on April 7, 2020, he filed a motion for a new attorney to be appointed "to [his] habeas corpus hearing" in his state court criminal case, but no new counsel has been appointed and he has been "illegally incarcerated for 156 days[,] with a motion filed for 35 days for a[] habeas corpus hearing."

In **Count Three**, Plaintiff asserts that on May 11, 2020, he had an "illegal attorney visit" with his attorney at the Legal Defender's Office.  He contends that he filed a motion

for new counsel on April 7, 2020, but the attorney has represented him in three "illegal court hearings" and has "failed to bring a just defense in [his] illegal case."

In **Count Four**, Plaintiff alleges the undersigned stated in a prior order in this case that CV 20-00598-PHX-MTL (ESW) is closed. Plaintiff contends:

> [T]he Court[']s error was the civil action case of habeas corpus is case CV-20-00774-PHX-MTL (ESW).
>
> [T]he federal courts had Judge Liburdi presiding over case 20-CV-00598-PHX-MTL (ESW) which was a[] criminal matter of habeas corpus before conviction. There was no civil complaint filed with the writ of habeas corpus."
>
> Since the federal court[']s dismissal of the criminal case before a[] civil judge who ruled on a[] criminal habeas corpus case and dismissed the case as a civil action.
>
> [T]he Plaintiff filed civil actions under the civil case no. of that action.
>
> [T]he federal courts gave the same case a new civil number to hide the facts a civil judge presided over and dismissed a[] criminal action[] that later became a civil action lawsuit.

## IV.     Failure to State a Claim

First, under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Therefore, the Court will dismiss Defendant State of Arizona.

Second, the Maricopa County Sheriff's Office is not a proper defendant because it is a "non-jural entity." *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (citing *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010)). In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. *See* Ariz. Rev. Stat. §§ 11-441(A)(5), 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties

and is not a "person" amenable to suit pursuant to § 1983.  Accordingly, the Court will dismiss Defendant MCSO.

Third, any claim against a federal actor arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not § 1983. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." (quoting *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991))). However, a remedy does not exist under *Bivens* against the United States because a *Bivens* action is only available against federal *officers*, not against the United States or agencies of the federal government. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).  Thus, the Court will dismiss Defendant United States.

Fourth, the issues in Counts One and Two relate to the trial court's apparent delay in ruling on Plaintiff's motions in his criminal case. But "deciding when to decide a case, no less than deciding the case itself, is a judicial act for which a judge is absolutely immune." *Lowe v. Letsinger*, 772 F.2d 308, 312 (7th Cir. 1985). Moreover, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. "Only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972). Special circumstances occur "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Plaintiff has failed to show special or extraordinary circumstances indicating that he will suffer irreparable harm if this Court abstains from hearing his claims until after he has a chance to present them to the state

courts. *See Younger*, 401 U.S. at 45-46; *Carden*, 626 F.2d at 83-84. These are issues that should be raised in his criminal case, not here.

Fifth, the issue in Count Three relates to Plaintiff's public defender. A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law. An attorney representing a criminal defendant does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (per curiam) ("[A]n attorney, whether retained or appointed, does not act 'under color of' state law.").

Sixth, the issue in Count Four relates to the undersigned's ruling in the May 1, 2020 Order. However, judges are absolutely immune from § 1983 and *Bivens* suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Against federal judges, absolute immunity also "extends to actions for declaratory, injunctive and other equitable relief." *Mullins v. United States Bankr. Ct. for the D. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).

Seventh, Plaintiff's assertions in Count Four are incorrect. In the document attached to his April 23, 2020 Complaint, Plaintiff sought to combine this case "with case CV-20-00598-PHX still pending." But that case was not pending; Judgment was entered on March 30, 2020. And *Caraffa v. Arizona*, CV 20-00598-PHX-MTL (ESW), was not a criminal action; the United States Supreme Court has "consistently recognized that habeas corpus proceedings are civil in nature." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 6) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $5.00.

(3) The First Amended Complaint (Doc. 5) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 27th day of May, 2020.

Michael T. Liburdi
United States District Judge